IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER COMSTOCK, | : | 4:12-CV-1136 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| | : | |
| BOROUGH OF BERWICK, | : | |
| BERWICK POLICE | : | |
| DEPARTMENT, | : | |
| JAMES COMSTOCK, | : | |
| GREG MARTIN, | : | |
| | : | |
| Defendants. | : | |

**M E M O R A N D U M**

September 18, 2013

**I. BACKGROUND:**

On June 15, 2012, plaintiff, Heather Comstock, initiated the above captioned civil action by filing a complaint. H. Comstock[1] was a police officer employed by the Berwick Police Department; she has since been terminated. Named as defendant are Borough of Berwick; the Berwick Police Department ("P.D."); James Comstock, plaintiff's estranged father-in-law, and, at all times relevant to the complaint, the Assistant Chief of Police and then the Acting Chief of Police;

---

[1] To avoid confusion between plaintiff Comstock and defendant Comstock, first initials will be used throughout this opinion to distinguish these two parties.

1

and Greg Martin, the Weapons Training and Familiarization Officer.

H. Comstock's complaint is brought on four counts; each count is brought as to all four defendants. Count I is a claim of gender discrimination in violation of Title VII of the Civil Rights Act of 1964. Count II is a retaliation claim in violation of Title VII of the Civil Rights Act of 1964. Count III is a claim of violation of the Fair Labor Standards Act of 1938 ("FLSA") as amended by the Equal Pay Act of 1963 ("EPA"). Count IV is a violation of the Pennsylvania Human Relations Act ("PHRA").

On August 20, 2012, Defendants, who are jointly represented, filed a Partial Motion to Dismiss along with a supporting brief. ECF Nos. 11 and 12. Defendants argued first, that Count III should be dismissed with prejudice in its entirety; second, that Counts I and II should be dismissed with prejudice as to the two individual defendants, J. Comstock and Martin; third, that the punitive damages demand should be dismissed with prejudice; fourth, that the Berwick Police Department should be dismissed with prejudice; and finally, that Count IV should be dismissed with prejudice as to Martin.

In a refreshing turn of events, instead of engaging in needless discovery and unproductive litigation as many parties tend to do in federal court, plaintiff acceded to the first four components of defendants' motion. Plaintiff did not agree,

however, to the dismissal of Count IV as to Martin, and has briefed her position accordingly. ECF No. 14.

For the reasons addressed, and discussed below, the Court will grant defendants' partial motion to dismiss in part and deny it in part.

**II. DISCUSSION:**

### A. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. *Kost*, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to

support the allegations in the complaint. *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-664.

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading." *Hellmann v. Kercher*, 2008 U.S. Dist. LEXIS 54882, *4, 2008 WL 1969311 (W.D. Pa. May 5, 2008) (Lancaster, J.). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964 (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket

assertion of an entitlement to relief under it. *Hellmann*, *supra*. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *Twombly*, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." *Iqbal*, *supra*, *citing* Fed. R. Civ. P. 8(a).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." *Id*. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327

### B. Allegations in the Complaint

Accepting as true all of the allegations in the complaint the facts are as follows. As delineated above, at the time of the events in question Heather Comstock, a female, was a police officer employed by the Berwick Police

Department. James Comstock was the Assistant Chief of Police then the Acting Chief of Police, and H. Comstock's estranged father-in-law. Martin was the Weapons Training and Familiarization Officer.

During H. Comstock's tenure with the P.D., H. Comstock was the only female police officer. Over a period of approximately five years, H. Comstock suffered multiple instances of alleged harassment, including finding a urine-soaked tampon hanging from the rearview mirror of her patrol car; finding an article disparaging of her weight in her mailbox; finding a picture of her handgun posted to the P.D.'s bulletin board accompanied by the caption "For those who squat to pee;" being passed over for overtime assignments for less senior male officers, despite P.D. policy regarding using seniority to determine overtime assignments; being told by her supervisor that she uses the "girl card;" twice finding that unknown individuals had entered the ladies restroom, defacated in the toilet, did not flush the toilet, left boot marks on the seat, and scattered her personal belongings around the bathroom; being removed from her position as "Gang Officer" and replaced with less qualified male officers; being suspended without pay as retaliation for making discrimination complaints; J. Comstock and Martin conspired to complete H. Comstock's shotgun qualification in a joint effort to discriminate and retaliate against H. Comstock; and, finally, the policy and

procedure regarding sexual harassment was removed from the P.D.'s manual in 2010. H. Comstock complained about these incidents to her superiors, including J. Comstock and Martin, who ridiculed her about her complaints and ignored her complaints.

### C. Analysis

In light of the fact that plaintiff has narrowed the issues for us tremendously, the only remaining issue before the Court is whether Count IV should be dismissed as to Greg Martin. Martin argues that because he was not H. Comstock's supervisor, the PHRA claim must be dismissed as to him. H. Comstock argues in response that Martin did have a supervisory role. 43 P.S. § 955(e) states:

> For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

The parties agree on the state of the law. "[A]n individual supervisory employee can be held liable under an aiding and abetting/accomplice liability theory pursuant to § 955(e) for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under

7

supervision." *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 670 (M.D. Pa. March 30, 2009) (Caputo, J.) (internal citations omitted). "Direct incidents of harassment by non-supervisory co-employees are not covered by § 955(e). *Id.* "[I]n the appropriate factual scenario, an individual supervisory employee can be held liable under an aiding and abetting/accomplice liability theory pursuant to § 955(e) for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under supervision." *Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren, P.C.,* 20 F. Supp. 2d 885, 887 (E.D. Pa. 1998) (Joyner, J.) (internal citations omitted). "Supervisory employees may be liable under the PHRA if they aid, abet, incite, compel or coerce the doing of any act prohibited by [§ 955(e)]." *Ildefonso v. City of Bethlehem*, 2012 WL 2864423, *6, 2012 U.S. Dist. LEXIS 96568 (E.D. Pa. July 12, 2012) (Sitarski, M.J.) (internal citations omitted).

Martin argues that he was not H. Comstock's supervisor. H. Comstock points to paragraphs 11, 12, 27 and 33 of her complaint to support her argument that she did plead support sufficient alleging that Martin was her supervisor to survive a motion to dismiss. These paragraphs read, as follows:

> 11. At all times hereto, Defendant, Officer Greg Martin, was the Weapons Training and Familiarization Officer to the Berwick Police Department.

12. During the summer of 2010, Officer Greg Martin qualified all male members of the Berwick Police Department, however, through excuse, delay and ignorance intentionally failed to schedule or complete the qualification of Plaintiff on Shotgun Familiarization until the last day of the year, December 31, 2010, at 2:00 p.m.; said excuse, delay and ignorance being preplanned in a conspiracy with the Defendant, Assistant Chief James Comstock to discriminate and retaliate against the Plaintiff.

27. During the period of 2005 to November 2010, Plaintiff complained on approximately twenty (20) occasions to Chief Brennan, Assistant Chief Jim Comstock, and Weapon Qualification Officer, Greg Martin that she was being treated differently regarding job opportunities and overtime because she is female, however, said complaints were ignored or ridiculed.

33. On or about December 30, 2010, Plaintiff had a verbal argument with her firearms training instructor, Officer Martin due to intentional failure to allow her to qualify with a weapon.

The matter presently before this Court is a motion to dismiss. The legal standard governing such motions requires the Court to accept H. Comstock's allegations as true. Plaintiff plead that she complained to Martin and that Martin was the individual who conducted weapons qualifications. The allegation that plaintiff complained to Martin leads the Court to believe that Martin had some supervisory control over her, other officers or both. The allegation that Martin conducted weapons qualification leads the Court to believe that Martin had supervisory control over plaintiff, at a minimum, with regards to whether or not

9

she was qualified to use her weapon. The undersigned finds that H. Comstock has sufficiently plead that Martin had some supervisory authority over her.

However, as Martin disagrees with this characterization, he is free to renew this argument at the close of discovery in a motion for summary judgment. *See, e.g.,Faust v. Storm,* 2009 WL 2143546, *3 at FN3, 2009 U.S. Dist. LEXIS 60575 (E.D. Pa. July 15, 2009) (Golden, J.). The undersigned is also aware that mediation is scheduled in this case for September 25, 2013. The parties appear to have worked professionally and effectively together thus far, and the Court is hopeful that, perhaps, this point can be resolved by the mediator.

### III. CONCLUSION:

Defendants' Partial Motion to Dismiss will be granted in part and denied in part.

Counts I and II will be dismissed with prejudice as to the two individual defendants, J. Comstock and Martin. Count III will be dismissed with prejudice in its entirety. The punitive damages demand will be dismissed with prejudice. The Berwick Police Department will be dismissed with prejudice. Count IV will not be dismissed as to Martin.

Finally, a case management telephone conference call will be scheduled to

set this matter on an appropriate trial track following the completion of mediation with Joseph Barrett, Esquire on September 25, 2013, as noted above, providing the parties sufficient time and opportunity to engage in settlement discussions.

BY THE COURT:


<u>/s Matthew W. Brann</u>
Matthew W. Brann
United States District Judge